# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DALE WAYNE BIRCH,

    **Plaintiff,**

v.

ATCHISON POLICE DEPARTMENT, et al.

    **Defendants.**

Case No. 2:19-CV-2144-JAR-JPO

## **MEMORANDUM AND ORDER**

Plaintiff Dale W. Birch filed this *pro se* action against the City of Atchison ("the City") and the Atchison Police Department alleging excessive use of force, malicious prosecution, and defamation of character in connection with his January 25, 2017 arrest and subsequent prosecution. Plaintiff filed this action in the District Court of Atchison County, Kansas on February 20, 2019 and Defendants removed the action on March 14, 2018 pursuant to 28 U.S.C. § 1441(a), as the petition alleged Fourth Amendment constitutional violations under 42 U.S.C. § 1983.[1] The case is before the Court on Defendants' Motion to Dismiss (Doc. 6) and Plaintiff's Motion to Appoint Counsel (Doc. 8). For the reasons stated below, the Court grants Defendants' motion to dismiss and denies Plaintiff's motion to appoint counsel.

**I.**      **Factual Background**

The Court derives the following facts from Plaintiff's Complaint.

Plaintiff was arrested on January 25, 2017. Members of the Atchison Police Department entered Plaintiff's residence without consent or permission. They "brutally tazed" him five

---

[1] Doc. 1.

times,² threatened him with bodily harm, fractured his leg and "peel[ed] the skin off of his lower leg bone."³ Following the arrest, officers falsified documents, "slander/libel/and defame [sic] the movant with alligations [sic] of drugs," and threatened to send Plaintiff to prison.

Plaintiff was charged in Atchison County District Court with one count of possession of a controlled substance, one count of use/possession with the intent to use of drug paraphernalia, and one count of interference with a law enforcement officer.⁴ During the course of prosecution, the Atchison County District Court suppressed evidence seized during a second entry into the residence that was not supported by a warrant or an exception to the warrant requirement. Plaintiff was found not guilty of the only charge tried to a jury, interference with a law enforcement officer.⁵

## II. Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, when assumed to be true, "raise a right to relief above the speculative level"⁶ and must include "enough facts to state a claim for relief that is plausible on its face."⁷ Under this standard, "the complaint must give the court reason to believe that this

---

² Doc. 1-1 at 4.

³ *Id.*

⁴ Doc. 7-1. If the court on a Rule 12(b)(6) motion looks to matters that were not attached to the complaint or incorporated into the complaint by reference, it generally must convert the motion to a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d); *GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384–85 (10th Cir. 1997). However, the court may consider documents that are referred to in the complaint if they are central to the plaintiff's claim and the parties do not dispute their authenticity. *See Alvardo v. KOB-TV, LLC,* 493 F.3d 1210, 1215 (10th Cir. 2007); *GFF Corp.,* 130 F.3d at 1384–85. A court may take judicial notice of facts that are a matter of public record and of state court documents. *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

⁵ Doc. 7-4.

⁶ *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)).

⁷ *Id.* at 570.

plaintiff has a reasonable likelihood of mustering factual support for these claims."[8] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[9] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[10] Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[11]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[12] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[13] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

---

[8] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[10] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[11] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[12] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[13] *Id.* at 678–79.

[14] *Id*. at 679.

[15] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

Because Plaintiff proceeds *pro se*, some additional considerations frame the Court's analysis. The Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[16] However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[17] Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[18]

### III. Discussion

#### A. Failure to Respond

As an initial matter, Plaintiff has failed to respond to the Motion to Dismiss. Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

Accordingly, the Court may grant Defendants' Motion to Dismiss as uncontested. Out of an abundance of caution, the Court considers the substance of the motion below.

#### B. Atchison Police Department

Plaintiff's claims against the Atchison Police Department must be dismissed because the Atchison Police Department is not an agency amenable to suit. Under Fed. R. Civ. P. 17(b), the capacity of a party to be sued in federal court is to be determined by the law of the state where

---

[16] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[17] *Id.*

[18] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

4

the court is located.[19]  "Kansas courts have consistently held that subordinate government agencies do not have the capacity to sue or be sued in the absence of statutory authorization."[20] While the statutory authority need not explicitly authorize the capacity to sue or be sued, the statute should grant some power to the agency so that it has an implied capacity.[21]  "For example, conferring power on a subordinate government agency to own or control property would have no meaning if the agency could not vindicate its rights in the property by suing in a court of law."[22]  Under Kansas case law, courts have found that city police departments do not have the capacity to sue or be sued.[23]

Here, the Atchison Police Department is not a separate entity from the City of Atchison. It is merely a subordinate agency of the city government.  There is no explicit statutory authority granting capacity to sue or be sued.  There is no statutory power that would imply capacity to sue or be sued.  Accordingly, the Atchison Police Department does not have the capacity to sue or be sued.  Thus, the Court must dismiss the claims against the Atchison Police Department.

### C. State Law Claims

The Court finds that Plaintiff failed to comply with the notice requirements of K.S.A. § 12-105b(d), and therefore his state law claims must be dismissed.  "Under this statute, any

---

[19] Fed. R. Civ. P. 17(b).

[20] *Lowery v. Cty. of Riley*, No. 04-3101-JTM, 2005 WL 1242376, at *7 (D. Kan. May 25, 2005) (citing *Hopkins v. Kansas*, 702 P.2d 311 (Kan. 1985)).

[21] *Id.* (citing *Lindenman v. Umscheid*, 875 P.2d 964, 967 Syl. ¶ 10 (Kan. 1994); *Bd. of Library Dirs. v. City of Fort Scott*, 7 P.2d 533, 535 (Kan. 1932)).

[22] *Id.* (citing *Bd. of Library Dirs.*, 7 P.2d at 535).

[23] *Neighbors v. Lawrence Police Dep't*, No. 15-CV-4921-DDC, 2016 WL 3685355, at *6 (D. Kan. July 12, 2016) (dismissing the Lawrence Police Department because it is well established in Kansas that "a municipal police department is only a subunit of city government and, therefore, is not a governmental entity subject to suit."); *Whayne v. Kansas*, 980 F. Supp. 387, 391 (D. Kan. 1997) (concluding Topeka Police Department was not governmental entity subject to suit where it was only a sub-unit of city government); *Hopkins v. State*, 702 P.2d 311, 316 (Kan. 1985) (holding the Kansas Highway Patrol did not have capacity to sue or be sued).

person having a tort claim against a municipality must file a written notice before commencing an action against the municipality."[24] "The notice requirements in § 12–105b(d) are mandatory and a condition precedent to bringing a tort claim against a municipality."[25] "Moreover, '[s]ection 12–105b(d) applies not only to claims against a municipality, but also to claims against municipal employees acting within the scope of their employment.'"[26]

Plaintiff failed to provide the clerk or the governing body of the City with written notice sufficient to constitute substantial compliance with K.S.A. § 12-105(b), and accordingly, the Court lacks subject matter jurisdiction over Plaintiff's state law claims of battery, assault, malicious prosecution, libel, and slander.

Assuming the Court has jurisdiction, however, Plaintiff's state law claims are time-barred. Plaintiff's state law claims of battery, assault, malicious prosecution, false imprisonment, libel, and slander are governed by a one-year statute of limitations.[27] The statute of limitations begins to run on a claim for assault and battery at the time of conduct constituting assault and battery.[28] A slander or libel claim "accrues upon publication of the defamatory statement."[29] A cause of action for malicious prosecution accrues, at the latest, when the time for appeal had expired in the initial suit.[30]

In the present case, the arrest occurred on January 25, 2017, and Plaintiff was acquitted on May 2, 2017. Accordingly, Plaintiff's state law claims of assault, and battery were time-

---

[24] *Ratts v. Bd. of Cty. Comm'rs*, 141 F.Supp.2d 1289, 1320 (D. Kan. 2001).

[25] *Miller v. Brungardt*, 916 F.Supp. 1096, 1099 (D. Kan. 1996) (citation omitted).

[26] *Reindl v. City of Leavenworth*, 361 F. Supp. 2d 1294, 1301 (D. Kan. 2005) (quoting *Midwestern Motor Coach Co. v. Blattner*, No. 02–2483–KHV, 2003 WL 21105083, at *4 (D. Kan. Apr.10, 2003)).

[27] K.S.A. 60-514(a), (b).

[28] *See Kelly v. VinZant*, 197 P.3d 803, 815 (Kan. 2008).

[29] *See Stephens v. Van Arsdale*, 608 P.2d 972, 986 (Kan. 1980).

[30] *See Voth v. Coleman*, 945 P.2d 426, 452–53 (Kan. 1997).

barred as of January 26, 2018, and Plaintiff's state law claims for malicious prosecution, libel and slander were time-barred at the latest on May 3, 2018. Plaintiff filed the present action on February 20, 2019. Thus, the Court finds that all of Plaintiff's state law claims are time-barred.

### D. Section 1983 Claims

Plaintiff claims the following actions of Defendants violated his constitutional rights: (1) the police illegally entered his residence; (2) the police brutally "tazed" him, fractured his leg, and peeled the skin off his lower leg bone; and (3) the police falsified documents to support allegations of drugs when they had no such evidence.[31]

Defendants argue Plaintiff's § 1983 claims are time-barred. The statute of limitations for claims brought under 42 U.S.C. § 1983 is governed by the personal injury statutes for the state in which the federal district court sits.[32] While state law provides the statute of limitations period, federal law determines the date on which the claim accrues and the statute begins to run.[33] State law also determines any tolling of the limitations period, although federal law may allow for additional tolling in rare circumstances.[34] A claim brought under § 1983 is characterized as a personal injury tort for statute of limitations purposes.[35] In Kansas, the statute of limitations for personal injury actions is two years.[36]

---

[31] Doc. 1-1 at 4.

[32] *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 251 (1985)); *Graham v. Taylor*, 640 F. App'x 766, 769 (10th Cir. 2016).

[33] *Mondragon*, 519 F.3d at 1078 (citing *Wallace v. Kato*, 549 U.S. 384 (2007)); *Graham*, 640 F. App'x at 769.

[34] *Mondragon*, 519 F.3d at 1078 (citation omitted).

[35] *Wallace*, 549 U.S. at 387; *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984).

[36] K.S.A. § 60-513(a)(4).

1. **Unreasonable Search and Seizure and Excessive Force**

As an initial matter, the Court construes Plaintiff's claim for illegal entry as unreasonable search and seizure in violation of the Fourth Amendment and his claim regarding his physical injuries as use of excessive force in violation of the Fourth Amendment. The Tenth Circuit has held that "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."[37] Plaintiff was arrested—and his claims accrued— on January 25, 2017. Accordingly, his claims became time-barred on January 26, 2019. Plaintiff did not file the present action until February 20, 2019. Therefore, the Court finds that Plaintiff's claims for unreasonable search and seizure and excessive force are time-barred.

2. **Malicious Prosecution**

Plaintiff also alleges that Atchison police officers "falsified documents, and tried to conceal the truth. Threatening to send [Plaintiff] to prison," and "slander/libel/and defame [sic] [Plaintiff] with alligations [sic] of drugs." His Petition states that he is seeking damages for "perjury." As Plaintiff has not specifically allegedly which of his constitutional rights was violated, the Court must identify the constitutional right at issue.[38] The Supreme Court recently held that "the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process."[39] In *Manuel*, the Plaintiff brought a malicious prosecution claim, alleging that his detention was unreasonable because "it was based solely on false evidence,

---

[37] *See Beck v. City of Muskogee Police Dep't.*, 195 F.3d 553, 558 (10th Cir. 1999).

[38] *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017) ("[A] threshold inquiry in a § 1983 suit . . . requires courts to identify the specific constitutional right at issue.") (internal quotation removed).

[39] *Id*.

rather than supported by probable cause."[40] The Supreme Court found that the Fourth Amendment properly governed the plaintiff's malicious prosecution claim: "[A Fourth Amendment violation] can occur when legal process itself goes wrong—when, for example, a judge's probable-cause determination is predicated solely on a police officer's false statements. Then, too, a person is confined without constitutionally adequate justification."[41] This is the essence of Plaintiff's claim here. Accordingly, the Court generously construes Plaintiff's claim as one for malicious prosecution under the Fourth Amendment.[42]

As an initial matter, the Court notes that Plaintiff's malicious prosecution claim under the Fourth Amendment is not time-barred. The applicable statute of limitations for malicious prosecution is two years.[43] As discussed above, federal law determines when a claim accrues and the statute of limitations begins to run.[44] The Tenth Circuit has found that "a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor."[45] In the present case, Plaintiff was acquitted on May 2, 2017. As this action was commenced with two years of May 2, 2017, it is timely filed.

Nevertheless, the Court finds that Plaintiff's malicious prosecution claim against the City must be dismissed because he fails to plead any facts to support a claim that the City is liable for

---

[40] *Id*. at 917. Specifically, an evidence technician lied in his report, claiming that one of the defendant's pills was "positive for the probable presence of ecstasy," and a police officer wrote in his report that "[f]rom [his] training and experience, [he] knew the pills to be ecstasy." *Id*.

[41] *Id*. at 919.

[42] To the extent the Fourteenth Amendment governs Plaintiff's claim, it is time-barred by the Kansas statute of limitations of one-year, as discussed above. *See Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013), *as amended on denial of reh'g* (Jan. 8, 2014) ("If a state actor's harmful conduct is unauthorized and thus could not be anticipated pre-deprivation, then an adequate post-deprivation remedy—such as a state tort claim—will satisfy due process requirements.").

[43] *Id*. at 1194.

[44] *Mondragon v. Thompson*, 519 F.3d 1078, 1078 (10th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384 (2007)); *Graham v. Taylor*, 640 F. App'x 766, 769 (10th Cir. 2016).

[45] *Myers*, 738 F.3d at 1194 (citing *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)).

the actions of the police officers in the present case. The Tenth Circuit has articulated the following bases for municipal liability under § 1983:

> Municipal liability may be based on a formal regulation or policy statement, or it may be based on an informal "custom" so long as this custom amounts to "a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law." Municipal liability may [] also be based on the decisions of employees with final policymaking authority or the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval. Finally, municipal liability may be based on injuries caused by a failure to adequately train or supervise employees, so long as that failure results from "deliberate indifference" to the injuries that may be caused.[46]

To give rise to municipal liability, an informal practice or custom must be "so widespread as to have the force of law."[47] Further, the Tenth Circuit has held that the practice or custom must be "closely related to the violation of the plaintiff's federally protected right."[48]

Plaintiff has failed to allege any regulation, policy statement, or well-settled custom of the City with regard to this case. There are no allegations that any policymaker ratified any decision of any officer. And finally, there are no allegations that the City failed to train or supervise any officer. The Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[49] Accordingly, the Court finds that Plaintiff has not pled an actionable malicious prosecution claim against the City.

---

[46] *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189 (10th Cir. 2010) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988); *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986)).

[47] *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403–04 (1997) (citing *Monell v. Dep't Soc. Servs. of NY*, 436 U.S. 658 (1978)); *see Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013) (explaining that a "well-settled custom or practice" may be deemed an official policy or custom for § 1983 municipal-liability purposes).

[48] *Schneider*, 717 F.3d at 770.

[49] *Id.*

### E. Motion to Appoint Counsel

On May 6, 2019, Plaintiff filed a Motion to Appoint Counsel because he is "indigent and incarcerated, lacking the ability to investigate the case properly."[50] A party in a civil action has no right to appointment of counsel.[51] The Court may, however, appoint counsel pursuant to § 1915(e)(1) for a litigant proceeding *in forma pauperis*. The appointment of counsel is a matter within the sound discretion of the district court.[52] In deciding whether to appoint counsel under § 1915(e)(1), the court should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigants' ability to present his claims, and the complexity of the legal issues raised by the claims."[53] Because Plaintiff's claims lack merit,[54] the Court concludes that his Motion to Appoint Counsel should be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 6) is **granted** and Plaintiff's Motion to Appoint Counsel (Doc. 8) is **denied**.

**IT IS SO ORDERED.**

Dated: May 7, 2019

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> CHIEF UNITED STATES DISTRICT JUDGE

---

[50] Doc. 8.

[51] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[52] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).

[53] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[54] *See Clark v. Wills*, No. 16-3119-SAC, 2017 WL 5598261, at *1 (D. Kan. Nov. 21, 2017) (citing *Margheim v. Buljko*, 855 F.3d 1077, 1089 (10th Cir. 2017)) ("[D]ismissal of charges upon a successful suppression motion does not qualify as a favorable termination for a malicious prosecution claim.").