# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DALE WAYNE BIRCH**

    **Plaintiff,**

    v.

**ATCHISON POLICE DEPARTMENT, et al.,**

    **Defendants.**

Case No. 2:19-CV-2144-JAR-JPO

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 11). Plaintiff, proceeding *pro se*, seeks reconsideration of the Court's May 7, 2019 order in which the Court dismissed Plaintiff's claims against Defendants Atchison Police Department and City of Atchison ("the City"). For the reasons below, the Court **denies** Plaintiff's motion for reconsideration.

### I.    Background and Legal Standard

On May 7, 2019, the Court granted Defendants' Motion to Dismiss (Doc. 9), finding (1) that the Atchison Police Department was not an agency amenable to suit; (2) the Court lacked subject matter jurisdiction over Plaintiff's state law claims because Plaintiff failed to comply with state notice requirements; (3) Plaintiff's state law claims were time-barred; (4) Plaintiff's unreasonable search and seizure and excessive force claims were time-barred; and (5) Plaintiff failed to establish municipal liability.[1]

On May 16, 2019, Plaintiff filed this motion, arguing that the statute of limitations applicable to his claims should be "tolled" because he was incarcerated during the limitations

---

[1] *See* Doc. 9.

period.² Plaintiff asserts that he did not have access to the courts during his incarceration because jail officials never sent his legal mail, and he was therefore prevented from timely filing his claims.

Because Plaintiff proceeds *pro se*, the Court is mindful that it must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.³ Therefore, because Plaintiff filed his motion to reconsider within twenty-eight days of the Court's order, the Court construes Plaintiff's motion as one seeking to alter or amend judgment under Fed. R. Civ. P. 59(e). Grounds which justify alteration or amendment under Rule 59(e) include: (1) there is an intervening change in controlling law; (2) there is new evidence that was previously unavailable; or (3) there is a need to correct clear error or prevent manifest injustice.⁴

## II. Discussion

As an initial matter, Plaintiff failed to respond to Defendant's Motion to Dismiss, filed on April 2, 2019.⁵ Plaintiff does not offer any explanation for this failure in his Motion for Reconsideration, instead alleging issues arising in January 2019. Accordingly, the Court properly dismissed Defendant's motion as uncontested under D. Kan. Rule 7.4. Out of an abundance of caution, the Court will address Plaintiff's contentions regarding the statute of limitations.

Plaintiff asserts that reconsideration is warranted based on "extenuating circumstances."⁶ The Court construes this as a motion for reconsideration based on manifest injustice. Plaintiff

---

² Doc. 11 at 1.

³ *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

⁴ *See Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017).

⁵ Doc. 6.

⁶ Doc. 11 at 1.

argues that his claims should be "tolled" by his incarceration; he does not, however, address the other substantive grounds on which the Court dismissed his claims. Even if the statute of limitations applicable to Plaintiff's claims were tolled, Plaintiff has failed to state a claim upon which relief can be granted.

First, all claims against the Atchison Police Department must be dismissed because the department is not an agency amenable to suit.[7] Next, with regard to his state law claims, Plaintiff does not assert that jail officials are responsible for his failure to comply with K.S.A § 12-105b(d)'s notice requirements. Plaintiff's failure to comply with Kansas state notice requirements—which require "any person having a tort claim against a municipality [to] file a written notice before commencing an action against the municipality"[8]—is fatal to his state law claims. Further, Plaintiff alleges that he attempted to file his claims on January 23, 2019. Plaintiff's state law claims, however, are subject to a one-year statute of limitations that expired, at the latest, on May 3, 2018.[9] Even if Plaintiff successfully filed his Complaint in January 2019, his state law claims would still be time-barred.

Finally, tolling the statute of limitations would not save Plaintiff's § 1983 claims. Although January 23, 2019 is within the two-year statute of limitations for Plaintiff's federal claims, it remains that Plaintiff failed to plead any facts that would establish municipal liability

---

[7] *See e.g.*, *Neighbors v. Lawrence Police Dep't*, No. 15-CV-4921-DDC, 2016 WL 3685355, at *6 (D. Kan. July 12, 2016) (dismissing the Lawrence Police Department because it is well established in Kansas that "a municipal police department is only a subunit of city government and, therefore, is not a governmental entity subject to suit."); *Whayne v. Kansas*, 980 F. Supp. 387, 391 (D. Kan. 1997) (concluding Topeka Police Department was not governmental entity subject to suit where it was only a sub-unit of city government); *Hopkins v. State*, 702 P.2d 311, 316 (Kan. 1985) (holding the Kansas Highway Patrol did not have capacity to sue or be sued).

[8] *Ratts v. Bd. of Cty. Comm'rs*, 141 F.Supp.2d 1289, 1320 (D. Kan. 2001).

[9] K.S.A. 60-514(a), (b).

for the actions of the individual police officers.[10] The Court finds that Plaintiff has failed to demonstrate manifest injustice based on the Court's dismissal of Plaintiff's claims.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for reconsideration (Doc. 11) is **denied**.

**IT IS SO ORDERED.**

Dated: June 21, 2019

                                                                           S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[10] See *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189 (10th Cir. 2010) (holding that municipal liability may be based on "formal regulation or policy statement," "a widespread practice" or "informal custom," decisions made or ratified by employees with "final policymaking authority," or a failure to "adequately train or supervise employees").