IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DALE WAYNE BIRCH

    **Plaintiff,**

    v.

ATCHISON POLICE DEPARTMENT, et al.,

    **Defendants.**

Case No. 2:19-CV-2144-JAR-JPO

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Second Motion for Reconsideration (Doc. 15). Plaintiff, proceeding *pro se*, again seeks reconsideration under Fed. R. Civ. P. 59(e) of the Court's May 7, 2019 order in which the Court dismissed Plaintiff's claims, as well as reconsideration of the Court's June 21, 2019 order denying Plaintiff's first Motion for Reconsideration (Doc. 13). For the reasons below, the Court **denies** Plaintiff's Second Motion for Reconsideration.

Because this motion was filed more than 28 days after judgment, Plaintiff's time to file a Rule 59(e) motion has expired.[1] The Court, however, will liberally construe his motion as one seeking relief from judgment under Fed. R. Civ. P. 60(b).[2] The Court "[keeps] in mind that Rule 60(b) relief may be granted only in exceptional circumstances."[3] "A motion to reconsider is not

---

[1] Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *see* D. Kan Rule 7.3.

[2] The Court may relieve a party from a final judgment or order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

[3] *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008).

a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[4]

After reviewing the record, the Court determines that Plaintiff has failed to articulate a basis for relief under Fed. R. Civ. P. 60(b). Plaintiff simply elaborates on the same argument considered by the Court in his first Motion for Reconsideration—namely, that jail officials hindered Plaintiff's access to the courts.[5] The Court will not entertain further motions to reconsider this issue, and Plaintiff is warned that further repetitious filings or abuse of the judicial process may result in filing restrictions or sanctions against him.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's second motion for reconsideration (Doc. 15) is **denied**.

**IT IS SO ORDERED.**

Dated: July 15, 2019

              S/ Julie A. Robinson
              JULIE A. ROBINSON
              CHIEF UNITED STATES DISTRICT JUDGE

---

[4] *Voelkel v. Gen. Motors Corp*, 846 F.Supp. 1482, 1483 (D. Kan. 1994).

[5] Doc. 11.